■ RALPH BORYSZEWSKI et al., Respondents, v. EARL W. BRIDGES, as Majority Leader and Temporary President of the Senate, et al., Appellants.— Appeal, by permission, from so much of an order of the Supreme Court, Albany County, which denied appellant's motion to dismiss a petition by three individual citizen-taxpayers challenging the constitutionality of the legislative and executive retirement plan (L. 1968, ch. 219, as amd.) and a "budget statute" providing for payments to members of the State Legislature "in lieu of expenses". We cannot concur in Special Term's denial of the motion to dismiss. The petitioners are indisputably not personally aggrieved and thus have no standing to challenge the constitutionality of the statutes in question (*Matter of Taylor* v. *Sise*, 33 N Y 2d 357; *Hidley* v. *Rockefeller*, 28 N Y 2d 439; *St. Clair* v. *Yonkers Raceway*, 13 N Y 2d 72, cert. den. 375 U. S. 970; *Matter of Bell* v. *Levitt*, 44 A D 2d 742). We see no basis presented in the instant petition to vary this well established rule. Accordingly, the motion to dismiss the petition should have been granted. Order reversed, on the law and the facts, and petition dismissed, without costs. Staley, Jr., J. P., Cooke, Sweeney, Kane and Reynolds, JJ., concur.

■ In the Matter of THOMAS A. SMITH, Appellant, v. VALENTINE ESTATES, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the claimant from a decision of the Workmen's Compensation Board, filed April 4, 1973, which disallowed his claim for benefits on the ground that there was no employer-employee relationship established. On April 16, 1971 claimant, then aged 10, sustained a head injury when he was accidently struck with a rock thrown by an 11-year-old companion at a house construction site of the respondent, Valentine Estates, Inc. The board found an absence of an employer-employee relationship and instead found that claimant and his companions were merely promised some money by a site supervisor of Valentine Estates "for not damaging the property". The board also found "no direction and control of the claimant by Valentine Estates, Inc." The claimant's position is that he and his companions were promised some money at the end of the week for gathering wood and garbage at the construction site and thus there was an employment relationship. The issue of employment here is purely factual and based almost completely on questions of credibility which are solely within the province of the board to assess and resolve. Whether claimant and his companions were promised money to perform certain tasks as they testified or to keep them out of mischief and to induce them to refrain from damaging the property as the supervisor of Valentine Estates, Inc., testified was solely for the board's resolution (Workmen's Compensation Law, § 20). The board's decision, being based on substantial evidence, must therefore be upheld. Decision affirmed, without costs. Staley, Jr., J. P., Greenblott, Cooke, Kane and Reynolds, JJ., concur.